NO. 07-05-0061-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 21, 2005

_____

EDMOND WAITES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 27TH DISTRICT COURT OF BELL COUNTY;

NO. 52925; HONORABLE MARTHA J. TRUDO, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Edmond Waites appeals his conviction for murder. The clerk's record was filed on December 22, 2004, and the reporter's record was filed on February 22, 2005. Appellant's brief was originally due on March 24, 2005. Appellant has requested and been granted two extensions of time to file his brief, making the brief due May 25, 2005. On June 7, 2005, this court notified counsel for appellant that neither the brief nor a request for an additional

extension of time to file appellant's brief had been filed. Counsel for appellant was also admonished that if appellant's brief was not filed by June 17, 2005, the appeal would be abated to the trial court. Tex. R. App. P. 38.8(b)(2). That date is past, and appellant has neither filed a brief nor submitted a further motion for extension.

Accordingly, we abate the appeal and remand the cause to the 27th District Court of Bell County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that indigent defendant is entitled to the effective assistance of counsel on the first appeal as a matter of right and that counsel must be available to assist in preparing and submitting an appellate brief).

Tex. R. App. P. 38.8(b)(2).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, fax number and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed (1) a

2

supplemental clerk's record containing the findings of fact and conclusions of law and (2) a supplemental reporter's record transcribing the evidence and argument presented at the hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the supplemental clerk's record and the supplemental reporter's record to be filed with the clerk of this court on or before July 22, 2005. Should additional time be needed to perform these tasks, the trial court may request additional time before July 22, 2005.

Per Curiam

Do not publish.